# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 24-3199 PA (PDx) | Date | August 6, 2024 |
|---|---|---|---|
| Title | Beatrice Adams v. Delta Airlines, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:**     **Order to Show Cause Re: Dismissal For Lack Of Prosecution**

On July 19, 2024, the Court issued and Order to Show Cause ("OSC") why this action should not be dismissed for lack of prosecution due to Plaintiff's failure to serve the defendant in this matter within 90 days after the complaint was filed. Fed. R. Civ. P. 4(m). On July 31, 2024, plaintiff Beatrice Adams ("Plaintiff") filed a "Motion to set aside dismissal and request for Additional Time to Serve Defendants and for Assistance under the Americans with Disabilities Act." (Docket No. 12.) Although this was improperly filed as a "Motion," in this instance, the Court has considered Plaintiff's filing as a response to the Court's OSC. In the future, Plaintiffs must comply with the Federal Rules of Civil Procedures, the Local Rules and the Court's Standing Orders. Failure to do so could result in the imposition of sanctions, including but not limited to, dismissal of this action. The Court specifically refers Plaintiff to its Self Representation Order, (Docket No. 10), setting forth the Court's expectations for pro se litigants.

Regarding the sufficiency of Plaintiff's service in this matter, Federal Rule of Civil Procedure 4(m) imposes a time limit for service. Specifically, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Rule 4(h) establishes the requirements for serving corporations. Under Federal Rules of Civil Procedure 4(e) and (h), a plaintiff may serve a corporation in the United States using any method permitted by the law of the state in which the district court is located or in which service is affected. Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). California law allows for service on corporations and other business entities through multiple means, including by: (1) serving a designated agent for service of process or the corporation's officer or general manager,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-3199 PA (PDx) | Date | August 6, 2024 |
|---|---|---|---|
| Title | Beatrice Adams v. Delta Airlines, Inc. | | |

see id. § 416.10; (2) leaving the summons and complaint with a person apparently in charge of the business organization if there is no registered agent, see id. § 415.95; or (3) serving the California Secretary of State, see Cal. Corp. Code § 1702.

In order to serve the defendant in this case, however, Plaintiff must first present a properly completed summons to the clerk to sign, seal and issue for service on the defendant. Fed. R. Civ. P. 4(b). Here the clerk notified Plaintiff on April 25, 2024 that the summons filed with her Complaint was deficient, explaining that: "The following error(s) was found: Summons is not directed to the defendant(s). The defendants name must appear in the To: section of the summons. The summons cannot be issued until this defect has been corrected. Please correct the defect and re-file your request." (Docket No. 8.) As of today's date, Plaintiff has not corrected this defect.

Because Plaintiff is proceeding pro se, the Court will afford her additional time to correct the defect in the summons and to properly serve the defendant. The Court has warned Plaintiff that appearing pro se is not without its pitfalls, and that it is Plaintiff's responsibility to comply with the applicable rules, including but not limited to the proper filing and service of all matters before the Court. (Docket No. 10.) The Court therefore continues the deadline for Plaintiff to respond to the OSC to September 6, 2024. If Plaintiff has not filed proof of service establishing compliance with all of the requirements of Rule 4(h) by that date, the Court will dismiss this action without prejudice.

While it is Plaintiff's responsibility to prepare the summons and have it issued by the Clerk's Office and to properly serve the defendant in this matter, Plaintiff may wish to contact the *Pro Se Clinic* at the United States Courthouse. It is located in the Edward Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012. Hours of operation are Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and 2:00 p.m. to 4:00 p.m. The Los Angeles Clinic operates by appointment only, is staffed by a lawyer, and offers on-site information and guidance to individuals who are representing themselves in civil actions in the United States District Court. The *Clinic* can be reached at 213-385-2977, Ext. 270. Clinic staff can respond to many questions with a telephonic appointment or through your email account. It may be more convenient to email your questions or schedule a telephonic appointment. The *Clinic* also operates locations at the George E. Brown, Jr. Federal Building and U.S. Courthouse, 3470 Twelfth Street, Riverside, California 92501, and at the Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, California 92701. Additional information can be found at www.cacd.uscourts.gov/ProSe.

IT IS SO ORDERED.