CLARK HILL LLP
BRADFORD G. HUGHES (SBN 247141)
bhughes@ClarkHill.com
M. ROY GOLDBERG (*Pending Pro Hac Vice*)
rgoldberg@ClarkHill.com
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone:   (213) 891-9100
Facsimile:   (213) 488-1178

Attorneys for Defendant DELTA AIR LINES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRICE ADAMS,<br><br>                                    Plaintiff,<br><br>        v.<br><br>DELTA AIR LINES, INC., a Delaware Corporation,<br><br>                                    Defendant. | Case No. 2:24-cv-3199-PA-PD<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF BEATRICE ADAMS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF BRADFORD G. HUGHES**<br><br>Date Filed:            April 17, 2024<br>Judge Presiding:   Percy Anderson<br>Judge Referral:    Patricia Donahue |

**PLEASE TAKE NOTICE** that on October 28, 2024, at 1:30 p.m., or soon thereafter as the matter may be heard in the above-entitled Court, Defendant, DELTA AIR LINES, INC. ("Defendant" or "Delta") will and hereby does move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss each and every cause of action in Plaintiff's BEATRICE ADAMS ("Plaintiff" or "Adams") First Amended Complaint (the "FAC").

The Motion to Dismiss (the "Motion") is made on the following grounds:

1.        Plaintiff's federal claim should be dismissed because the Federal Trade Commission Act, 15 U.S.C. 45, does not apply to air carriers, such as Delta;

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF BEATRICE ADAMS' FIRST
AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO.  2:24-CV-3199-PA-PD

2.      Plaintiff's state law claims are preempted by the Airline Deregulation Act of 1978, 49 U.S.C. 41713(b) (the "Deregulation Act");

3.      Plaintiff's request for punitive damages and attorneys' fees are preempted by the Deregulation Act and otherwise not applicable.

4.      Plaintiff's causes of action fail to state a claim upon which relief can be granted pursuant to F.R.C.P 12(b)(6);

Pursuant to Local Rule 7-3, Defendant's counsel attempted to meet and confer with Plaintiff on multiple occasions, with the final attempt occurring on September 12, 2024. To date, Plaintiff has been unresponsive. Defendant has no choice but to proceed with the filing of this Motion. (See Declaration of Bradford G. Hughes).

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Law in support hereof, and the exhibits attached thereto, the Declaration of Bradford G. Hughes, all files, pleadings and records in this action, and such other further evidence and oral argument as may be presented to the Court before or at the time of the hearing on the Motion.

Dated:  September 26, 2024          CLARK HILL LLP


By: _____
Bradford G. Hughes
M. Roy Goldberg
Attorneys for Defendant DELTA AIR LINES, INC.

# **TABLE OF CONTENTS**

MEMORDANUM OF POINTS AND AUTHORITIES............................................1

I.     INTRODUCTION...................................................................1

II.    FACTUAL BACKGROUND .............................................2

III.   LEGAL STANDARD ......................................................4

IV.   ARGUMENT ....................................................................6

A.    The Federal Trade Commission Act Does Not Apply to Air Carriers. ........................................................................................6

B.    Plaintiff's Claims Against Defendant are Preempted. ................6

    1.    Plaintiff's State Law Claims are Preempted by the Airline Deregulation Act. .....................................................6

    2.    Plaintiff's Request for Punitive Damages and Attorneys' Fees are Preempted by the Deregulation Act and Otherwise not Applicable. ..................................................................8

C.    Plaintiff Fails to State Claims Upon Which Relief Could be Granted Pursuant to F.R.C.P Rule 12(B)(6). ..............................10

    1.    Plaintiff Fails to State any Claims Under Georgia or California Law. ......................................................................10

    2.    Even if Plaintiff's California State Law Claims Survive, the FAC Fails to Meet the Pleading Requirements of *Twombly* and *Iqbal*. ...........................................................................11

    3.    The Complaint Fails to Plead Fraud with Particularity. ......12

    4.    Plaintiff's First Cause of Action for Negligence Fails to State a Claim for which Relief Can be Granted. .................13

    5.    Plaintiff's Second Cause of Action for Tortious Interference Fails to State a Claim for which Relief Can be Granted....................14

    6.    Plaintiff's Third Cause of Action for Intentional Infliction of Emotional Distress Fails to State a Claim for which Relief Can be Granted......................................................................16

    7.    Plaintiff Should Not be Granted Leave to Amend.............17

V.    CONCLUSION ...............................................................18

DECLARATION OF BRADFORD G. HUGHES................................................19

CERTIFICATE OF COMPLAINCE .....................................................21

CERTIFICATE OF SERVICE..............................................................22

# TABLE OF AUTHORITIES

## Cases

*Albrecht v. Lund*
845 F.2d 193 (9th Cir. 1988)................................................................6

*Am. Airlines, Inc. v. Wolens*
513 U.S. 219 (1995)...............................................................6, 8

*Ascon Props., Inc. v. Mobil Oil Co.*
866 F.2d 1149 (9th Cir. 1989)...........................................................17

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)...........................................................5, 11, 12

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007)...........................................................4, 5, 11

*Brousseau v. Jarrett*
73 Cal. App. 3d 864 (1977)................................................................9

*Brown v. Joiner Int'l, Inc.*
523 F. Supp. 333 (S.D. Ga. 1981)...........................................................10

*Cahill v. Liberty Mut. Ins. Co.*
80 F.3d 336 (9th Cir. 1996)................................................................5

*City Dodge, Inc. v. Gardner*
232 Ga. 766 (1974) ................................................................12

*Foman v. Davis*
371 U.S. 178 (1962)................................................................17

*Grieves v. Superior Court*
157 Cal.App.3d 159 (1984)................................................................9

*Health-IT v. Agrawal*
343 Ga. App. 660 (2017) ................................................................15

*Hebbe v. Pliler*
627 F.3d 338 (9th Cir. 2010)................................................................12

*Herrejon v. Ocwen Loan Servicing, LLC*
980 F. Supp. 2d 1186 (E.D. Cal. 2013)................................................................12

*Hodges v. Delta Airlines, Inc.*
44 F.3d 334 (5th Cir. 1995)................................................................7

*Hughes v. Pair*
46 Cal.4th 1035 (2009) ................................................................16

*In re Ambry Genetics Data Breach Litig.*
567 F. Supp. 3d 1130 (C.D. Cal. 2021) ................................................................13

*In re Stac Electronics Securities Litigation*
89 F.3d 1399 (9th Cir. 1996)................................................................5

*Intri-Plex Techs v. Crest Grp., Inc.*
499 F.3d 1048 (9th Cir. 2007)................................................................17

*Ko v. Eva Airways Corp.*
42 F. Supp. 3d 1296 (C.D. Cal. 2012) ................................................................7

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF BEATRICE ADAMS' FIRST
AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 2:24-CV-3199-PA-PD

*Kor. Supply Co. v. Lockheed Martin Corp.*
29 Cal.4th 1134 (2003) ...................................................................14

*Koursouradis v. Delta Air Lines*, Inc.
427 F.3d 1339 (11th Cir. 2005)............................................................7

*Lockheed Martin Corp. v. Network Sols., Inc.*
194 F.3d 980 (9th Cir. 1999)..............................................................17

*Miller v. Lomax*
266 Ga. App. 93 (2004)......................................................................14

*Montgomery v. Delta Air Lines, Inc.*
2023 WL 2400743, *5 (5th Cir. 2023)...................................................7

*Morales v. Trans World Airlines, Inc.*
504 U.S. 387 (1992) .............................................................................6

*Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*
795 F.3d 1124 (9th Cir. 2015) ............................................................14

*Nat'l Wildlife Fed'n v. Espy*
45 F.3d 1337 (9th Cir. 1995)................................................................5

*Navarro v. Block*
250 F.3d 729 (9th Cir. 2001)................................................................5

*Pareto v. FDIC*
139 F.3d 696 (9th Cir. 1998)................................................................5

*Power Standards Lab. Inc. v. Fed. Express Corp.*
127 Cal.App. 4th 1039 (Cal.Dist.Ct.App.2005) .....................................8

*Roberts v. Corrothers*
812 F.2d 1173 (9th Cir. 1987)..............................................................5

*Rowe v. New Hampshire Motor Transport Ass'n*
552 U.S. 364 (2008) .............................................................................7

*Silberg v. California Life Ins. Co.*
11 Cal.3d 452 (1974)...........................................................................9

*Simmons v. Southern Pac. Transpiration Co.*
62 Cal.App.3d 341 (1976)....................................................................9

*Smith-Tyler v. Bank of Am., N.A.*
992 F. Supp. 2d 1277 (N.D. Ga. 2014) ...............................................16

*Stadterman v. Southwood Realty Co.*
361 Ga. App. 613 (2021) ...................................................................13

*Starr v. Baca*
652 F.3d 1202 (9th Cir. 2011)..............................................................5

*Steckman v. Hart Brewing, Inc.*
143 F.3d 1293 (9th Cir. 1998)..............................................................5

*Surina v. Lucey*
168 Cal. App. 3d 539 (Ct. App. 1985)................................................15

*Tarmann v. State Farm Mut. Auto. Ins. Co.*
2 Cal.App.4th 153 (1991)...................................................................12

*Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*
73 F.3d 1423 (7th Cir.1996)................................................................8

5

*Tresemer v. Parke*
  86 Cal.App.3d 656 (1978) ........................................................................9

*W. Min. Council v. Watt*
  643 F.2d 618 (9th Cir. 1981) ....................................................................5

*West v. Northwest Airlines, Inc.*
  995 F.2d 148 (9th Cir. 1993) ....................................................................8

**Statutes**

Cal. Code Civ. Proc. § 3294(a) ....................................................................9

Federal Trade Commission Act, 15 U.S.C. 45 ............................................1

**Rules**

12(b)(2) ..........................................................................................................1

Deregulation Act. 49 U.S.C. 41713(b) ...................................................1, 6

Deregulation Act. 49 U.S.C. 41713(b)(1) ...................................................6

Fed. R. Civ. P.  9(b) ...............................................................................1, 12

Fed. R. Civ. P. 12(b)(6) ...............................................................................5

Fed. R. Civ. P. 8(a) .....................................................................................11

Fed. R. Civ. P. 8(a)(2) ............................................................................1, 4

6

## MEMORDANUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This action arises from an encounter between pro se Plaintiff Beatrice Adams ("Plaintiff") and employees of Defendant Delta Air Lines, Inc. ("Defendant" or "Delta"), at the Los Angeles Airport, in Los Angeles, California, on April 17, 2022. Plaintiff claims that Delta personnel concealed and transported her son, T.A. (DOB 2007) to the state of Virginia contrary to the intent of an April 14, 2022, Juvenile Court Order of Mobile County, Alabama based on the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA"). Plaintiff states that before this occurred her son had been kidnapped and abused by third parties.

Plaintiff now alleges an array of baseless claims against Delta in her First Amended Complaint ("FAC"), the entirety of which fail as a matter of law under Federal Rules of Civil Procedure 8(a)(2), 9(b), and 12(b)(2).

As set forth below, Plaintiff's purported federal claim for violation of the Federal Trade Commission Act, 15 U.S.C. 45, should be dismissed because that Act expressly does not apply to air carriers such as Delta. Furthermore, all of Plaintiff's state law claims are preempted by the Airline Deregulation Act of 1978, 49 U.S.C. 41713(b) (the "Deregulation Act"), because they all relate to an air carrier "service," namely, the aircraft boarding process. Plaintiff challenges Delta's conduct in allowing her minor child to board a Delta flight without her permission. However, because boarding of passengers is a "service" of an air carrier, state law claims relating to the boarding process are preempted. This applies not only to the various state law claims raised by Plaintiff, but also to her request for punitive damages and attorneys' fees. In addition, Plaintiff's allegations fail to meet the pleading requirements of *Twombly* and fail to state a claim regardless of whether California or Georgia law applies to the claim. The motion should be granted, and Plaintiff's claims and this action should be dismissed with prejudice and without leave to amend.

## II.    FACTUAL BACKGROUND

Without conceding the truth of Plaintiff's allegations, Defendant summarizes the FAC as follows:

1.    Plaintiff alleges in the FAC that on November 9, 2020, her son, T.A. (DOB 2007) was illegally taken by a stranger named Shirley King Davaris ("King"), who has no blood relation to T.A. FAC 15 at ⁋ 5.

2.    Plaintiff alleges that while she maintained full custody of T.A., her other daughter Delaney, gave T.A to King who had misled Delaney into believing that the Arlington County Child Protective Services provided King with legal custody of T.A. FAC 15 at ⁋ 6.

3.    Plaintiff alleges that the State of Alabama maintained and continues to maintain the exclusive subject-matter, personal, and "home state" jurisdiction of T.A. in accordance with the UCCJEA through an April 14, 2022, Juvenile Court of Mobile County, Alabama Order which ordered the minor child to be brought to Mobile County, Alabama, for a hearing scheduled on September 8, 2022, and not to be concealed or transported. FAC 15 at ⁋ 8.

4.    Plaintiff alleges that King was given legal custody of T.A. without having jurisdiction and without proving Plaintiff with notice of any hearings, and without due process.  FAC 15 at ⁋ 10.

5.    On April 14, 2022, the Court in Alabama upheld their exclusive jurisdiction of T.A. and ordered that T.A. is not to travel or be concealed from his parents or guardians. FAC 15 at ⁋ 39.

6.    On April 17, 2022, Plaintiff arrived at the Los Angeles Airport in California, from Alabama and remained there for numerous hours due to delays. FAC 15 at ⁋⁋ 11-12.

7.    While in the airport, Plaintiff recognized her daughter Delaney and T.A., who had been given the name of Bryson Taite Paniagua. FAC 15 at ⁋ 14.

8.    Unbeknownst to Plaintiff, the state of Virginia, without the requisite

jurisdiction, issued a Protective Order that made her presence near T.A. illegal. Plaintiff was not served with this protective order. FAC 15 at ¶ 13.

9.    Delta contacted the police, and upon their arrival, the police allegedly threatened to arrest Plaintiff on the basis that she was in violation of the protective order. FAC 15 at ¶ 15.

10.   According to Plaintiff, the police concluded that the protective order was not in the National Crime Information Center database, and therefore was an invalid order. Id.

11.   Plaintiff asserts that T.A. had been trafficked and kidnapped. Id.

12.   Plaintiff states that Delta validated the invalid protective order in reliance on statements made over the telephone by Jill Abbott, whose identity is unknown based on the information provided in the alleged facts in Plaintiff's FAC. In reliance on Abbott's statements, Delta did not allow Plaintiff to approach T.A. and allowed him to board his flight, in violation of the Interstate Commerce Act ("ICA"). Id.

13.   Delta did not wait until an investigation was complete before boarding T.A. onto his flight, thus allowing T.A. to be trafficked. FAC 15 at ¶ 40.

14.   Plaintiff alleges that T.A. hates and blames her for each day he is tormented and unable to get back to his life. Plaintiff states that Delta agents have furthered this scheme to separate Plaintiff from her son. FAC 15 at ¶ 41.

15.   Plaintiff alleges that Delta interfered with her ability to protect her child from the invalid protective order and that Delta ruined the expectancy of their bond and relationship which would have continued but for their interference. FAC 15 at ¶¶ 43-44.

16.   Delta failed to uphold the applicable law and rules, and neglected to safeguard Plaintiff and her child because they were unable to interpret the laws, judicial orders, and the company's own regulations. FAC 15 at ¶ 44.

17.   Plaintiff alleges Delta failed to follow its protocols regarding minor travel and as a result, T.A. has been subjected to drugging and exploitation. FAC 15 at ¶

45.

18. Delta knew or should have known that its acts would cause emotional distress when they forced T.A. to board the flight under fraudulent circumstances with another child's identity and information. FAC 15 at ⁋ 50.

19. Plaintiff asserts that she has suffered emotional distress due to the shock, pain, and distress as a result of Delta's callous disregard for her well-being and endangering her child. FAC 15 at ⁋⁋ 52, 62.

20. Plaintiff alleges that she has become fully incapacitated from the subject injuries and trauma and has been suffering from strokes and a traumatic brain injury. Id.

Based on the above facts, Plaintiff's purported claims are:

<u>Count One</u>: Violation of Federal Trade Commission Act. FAC 15, p. 1.

<u>Count Two</u>: Violation of the Interstate Commerce Act, 18 U.S.C. sections 1 et seq. FAC 15, p. 1.

<u>Count Three</u>: Misrepresentation and Fraud. FAC 15 at ⁋ 44.

<u>Count Four</u>: Negligence. FAC 15 at ⁋⁋ 55, 61.

<u>Count Five</u>: Tortious Interference. FAC 15, p. 1.

<u>Count Six</u>: Intentional Infliction of Emotional Distress. FAC 15 at ⁋⁋ 45, 52, 55.

## III.  **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure Rule 8, a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to prevent vague and ambiguous claims, and to ensure that defendants will be able to frame a responsive pleading. It is the plaintiff's obligation to provide the grounds of her entitlement to relief in her complaint, and this requires Plaintiff to set forth more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "Detailed factual allegations"

are not required, however. *Id*. A complaint has not stated a claim for relief that is plausible on its face if the facts pleaded are "merely consistent with defendant's liability," or if there is an "obvious alternative explanation" that would result in liability. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 682 (2009).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). It must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. The plausibility standard demands more than a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678 (internal quotation marks omitted, quoting *Twombly,* 550 U.S. at 555, 557)). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337 38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy,* 45 F.3d 1337, 1340 (9th Cir. 1995)). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *W. Min. Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981)). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir. 1998). "However, [courts] are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295-96 (9th Cir. 1998) (citing *In re Stac Electronics Securities Litigation,* 89 F.3d 1399, 1403 (9th Cir. 1996)).

Generally, when dismissing a complaint for failure to state a claim, the court should deny opportunity to amend only if amendment would be futile. *See Albrecht*

*v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) (dismissal without leave to amend is appropriate if amendment "could not possibly cure the deficiency"), amended, 856 F.2d 111 (9th Cir. 1988).

## IV.   ARGUMENT

### A.   The Federal Trade Commission Act Does Not Apply to Air Carriers.

The First Amended Complaint ("FAC") purports to allege that Delta is liable for violation of the FTC Act.  FAC 15, p. 1. However, Plaintiff's claim that Delta is liable under the FTC Act, 15 U.S.C. 45, must fail because the FTC Act specifically excludes air carriers such as Delta from its purview.  15 U.S.C. 45(a)(2) (exempting "common carriers subject to the Acts to regulate commerce, air carriers and foreign air carriers subject to part A of subtitle VII of Title 49"). As demonstrated *infra*, Plaintiff's claim fails to allege any facts relating to how Delta violated the FTC Act.

### B.   Plaintiff's Claims Against Defendant are Preempted.

#### 1.   Plaintiff's State Law Claims are Preempted by the Airline Deregulation Act.

All of Plaintiff's state law claims, including misrepresentation, fraud, negligence, tortious interference, and intentional infliction of emotional distress, are preempted by the Deregulation Act. 49 U.S.C. 41713(b).  The preemption provision of the Deregulation Act prohibits, in pertinent part, any state from "enact[ing] or enforc[ing] a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier . . . ."  49 U.S.C. 41713(b)(1); *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 222-23 & n. 1 (1995).  State laws "relate to" a price, route, or service if they have "a connection with or reference to" rates, routes or services.  *Morales v. Trans World Airlines, Inc.*, 504 U.S. 387, 384 (1992).

The decisions made by air carriers regarding whether to board a passenger relates to an air carrier "service," and therefore the Deregulation Act preempts state law claims challenging the boarding process. In *Ko v. Eva Airways Corp.*, 42 F.

6

Supp. 3d 1296 (C.D. Cal. 2012), the plaintiff was the father of children who were taken to Singapore on a plane by the mother.  The father alleged that the airline, Eva Airways, was liable for negligence, negligent infliction of emotional distress, and interference with custodial relations with a minor child.  The district court granted the airline's motion for judgment on the pleadings.  The court held that the claims were preempted by the Deregulation Act because the allegations arose from airline boarding procedures which in turn were related to "services" offered by the airline. The court reasoned that a tort judgment would directly impact the boarding services, and that imposing an obligation on airlines to perform certain measures to determine the proper custodial status of children traveling with only one adult could adversely affect the economic deregulation of the airlines and the forces of competition within the airline industry.

The court stated: "It is relatively clear to this Court that Plaintiff's claims do have the necessary prohibited connection to EVA's 'services.'"  *Id*. at 1302.  The court added that "EVA's ticketing and boarding process is not an 'amenity'; it is a necessary part of an airline's boarding process, and without a boarding process, airlines would provide no 'service' to passengers at all."  *Id*. at 1304.  The court further stated that "a determination that Plaintiff's claims would not have the prohibited impact on deregulation would appear to conflict with the Supreme Court's decision in *Rowe v. New Hampshire Motor Transport Ass'n*, 552 U.S. 364 (2008).  42 F. Supp. 3d at 1305.  *See* also *Koursouradis v. Delta Air Lines*, Inc., 427 F.3d 1339, 1343 (11th Cir. 2005) ("service" under the Deregulation Act includes boarding procedures); *Hodges v. Delta Airlines, Inc*., 44 F.3d 334, 235 (5th Cir. 1995) (en banc) (same).  *See* also *Montgomery v. Delta Air Lines, Inc*., No. 22-10692, 2023 WL 2400743, *5 (5th Cir. 2023) (claim for intentional infliction of emotional distress relating to boarding procedures was preempted by the Deregulation Act, where the plaintiff alleged that the airline improperly refused to board her because she would not wear a mask during the pandemic) ("Delta's

decision not to provide transportation to Appellants is enough for us to hold that the Deregulation Act preempts their claims. Our precedent makes clear that boarding and transportation are undeniably 'services' under the Deregulation Act.").

Similarly here, all of Plaintiff's state law allegations relate to the Delta "service" of a boarding process. Plaintiff's allegations against Delta stem from Plaintiff's contention that Delta allowed T.A. to board the plane without any regard to the validity or invalidity of various court orders. FAC 15 at ¶ 44. Plaintiff fails to allege any other act on behalf of Delta that formulates the basis for the subject complaint. Because the only fact asserted against Delta pertains to its service of a boarding process, Plaintiff's claims are preempted by the Deregulation Act.

### 2. Plaintiff's Request for Punitive Damages and Attorneys' Fees are Preempted by the Deregulation Act and Otherwise not Applicable.

The Court should strike Plaintiff's request for punitive damages and attorneys' fees because these requests are also preempted by the Deregulation Act. *See West v. Northwest Airlines, Inc.*, 995 F.2d 148, 151 (9th Cir. 1993) ("We find that, under the reasoning in *Morales,* the ADA preempts West's claim for punitive damages under state contract and tort law"); *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1432 n. 8 (7th Cir. 1996) (holding that although the breach of contract claim itself was not preempted, under *Wolens,* punitive damages, because they are based on state laws or policies external to the contract, were preempted); *Power Standards Lab. Inc. v. Fed. Express Corp.*, 127 Cal.App. 4th 1039, 1046–47 (Cal.Dist.Ct.App.2005) (same). The preemption of punitive damages under the Deregulation Act is also consistent with Rule 24 to the Delta Domestic General Rules of Tariff regarding the Contract of Carriage.[1]

---

[1] Assuming that Plaintiff ever purchased an airfare ticket with Delta, the Contract of Carriage would apply along with the Delta Domestic General Rules of Tariff which specifically excludes any claims for punitive damages that are improperly asserted in the FAC.

Furthermore, punitive damages are available in California in any action for breach of a non-contractual obligation only where it is proven "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Code Civ. Proc. § 3294(a). Moreover, it has been held that the defendant must act with the intent to vex, injure or annoy, or with conscious disregard of plaintiff's rights. *Silberg v. California Life Ins. Co.* 11 Cal.3d 452, 462 (1974). Generally, mere or even gross negligence will not support an award for punitive damages. *Simmons v. Southern Pac. Transpiration Co.*, 62 Cal.App.3d 341, 368 (1976). Lastly, California law defines malice as conduct "intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others. *Id*.

In determining the adequacy of pleadings for punitive damages, California courts consistently hold that a complaint that merely describes defendant's conduct in conclusory terms is patently insufficient to withstand a motion to strike punitive damages. *Brousseau v. Jarrett*, 73 Cal. App. 3d 864, 872 (1977).

Moreover, the allegation that an intentional tort was committed is not sufficient on its own to warrant an award of punitive damages. Not only must there be circumstances of oppression, fraud or malice, but the facts must be alleged in the pleading to support such claims. *Grieves v. Superior Court*, 157 Cal.App.3d 159, 166 (1984). Malice sufficient to sustain an award of punitive damages is pled when a plaintiff alleges with factual particularity that defendant had a conscious, probable and evil intent to vex, injure or annoy plaintiff for the sole purpose of obtaining satisfaction from inflicting injury. *Tresemer v. Parke*, 86 Cal.App.3d 656, 668 (1978).

Additionally in Georgia, whose law applies to the extent that Delta Contract of Carriage choice of law applies [*see infra*], punitive damages may be awarded for fraudulent behavior, but fraud must first be established before an award for punitive damages can be made. *Brown v. Joiner Int'l, Inc.*, 523 F. Supp. 333, 337 (S.D. Ga.

9

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF BEATRICE ADAMS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF CASE NO.  2:24-CV-3199-PA-PD

1981).

Here, Plaintiff cannot recover punitive damages from Defendant based on her allegations, because the Complaint fails to plead any specific conduct allegedly committed by Defendant that would constitute malice, oppression, or fraud under California law. Plaintiff merely makes conclusory allegations that Delta relied on misrepresentations that another individual had made, and that Delta knew or should have known that the protective order issued by the State of Virginia was invalid. These claims are not supported with any factual allegations or with the level of specificity required. Therefore, Plaintiff's allegations fall short of maintaining a request for punitive damages.

Additionally, Plaintiff makes a request for attorneys' fees. First, Plaintiff has proceeded in this action pro se, therefore, Plaintiff has not incurred any attorneys' fees. Second, Plaintiff does not provide any statutory basis for requiring Delta to pay any attorneys' fees in this matter.

### C.   **Plaintiff Fails to State Claims Upon Which Relief Could be Granted Pursuant to F.R.C.P Rule 12(B)(6).**

#### 1.   **Plaintiff Fails to State any Claims Under Georgia or California Law.**

Pursuant to Rule 24 to the Delta Domestic General Rules of Tariff regarding the Contract of Carriage that Plaintiff would have entered into with Delta when she purchased her ticket for the Delta flight that caused her to be at LAX, "any and all matters arising out of or relating to the Contract of Carriage and/or the subject matter…shall be governed by and enforced in accordance with the laws of the State of Georgia." Therefore, if Georgia law governs Plaintiff's state claims, Plaintiff fails to state any claims under Georgia law. But the same result is true under California law.

The FAC, in reference to her "Notice of Tolling for Plaintiff" section cites to the California Code of Civil Procedure as it relates to California personal injury

matters without making any reference to the governing Georgia law. FAC 15 at ¶ 42. Plaintiff also states that she makes her allegations pursuant to Senator Jon Ossoff's Foster are Safety Congressional Hearing and Investigations Finding Report, which specifically discusses the Georgia foster care system, but fails to allege each specific cause of action under Georgia law. FAC 15, p. 3.

### 2. Even if Plaintiff's California State Law Claims Survive, the FAC Fails to Meet the Pleading Requirements of *Twombly* and *Iqbal*.

Plaintiff's FAC alleges various violations that are unsubstantiated with any supportive facts in order to comply with the pleading requirements outlined in Rule 8(a). Fed. R. Civ. P. 8(a).  Plaintiff's first cause of action alleges violations of the Federal Trade Commission Act ("FTC Act"), but does not give any specific facts as to what Delta has done to violate the FTC Act. Similarly, Plaintiff alleges that Delta violated the Interstate Commerce Act ("ICA"), which "prohibits the transportation of individuals across state lines for the purpose of exploiting or tracking," without providing any facts regarding how Delta was in violation of the ICA. FAC 15, pp. 16-17. Plaintiff makes conclusory allegations that Delta is in violation of both the FTC Act and ICA, thereby making Plaintiff's allegations deficient as a result.

*Iqbal* specifically outlines that pleadings require more than just "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678 (internal quotation marks omitted, quoting *Twombly,* 550 U.S. at 555, 557). In fact, Plaintiff fails to comply with the pleading requirements for each alleged claim. Plaintiff provides an extensive background leading up to the subject incident that occurred on April 17, 2022, but fails to outline how Delta specifically violated the laws and is liable for her state law claims. Plaintiff merely recites elements of various causes of actions, without compliance with the standard set forth in *Twombly* or *Iqbal*, as will be shown below.

The fact that Plaintiff is pursuing her claims as a pro se Plaintiff does not negate the need to comply with *Twombly* and *Iqbal*.  *See, e.g., Hebbe v. Pliler*, 627

F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under *Iqbal*").

### 3.  The Complaint Fails to Plead Fraud with Particularity.

To plead a cause of action for fraud in California, Plaintiff must allege (1) a misrepresentation, (2) knowledge of the falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186 (E.D. Cal. 2013). The Plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action. *Id*. The absence of any one of those elements will preclude recovery. *Id* at 1203. Similarly in Georgia, fraud is established if Plaintiff can prove: (1) a false representation made by the defendant, (2) scienter, (3) an intention to induce the plaintiff to act or refrain from acting in reliance, (4) justifiable reliance by the plaintiff, and (5) damage to the plaintiff. *City Dodge, Inc. v. Gardner*, 232 Ga. 766, 769 (1974)

In addition, under Federal Rule of Civil Procedure Rule 9(b), Plaintiff must state with *particularity* the circumstances constituting fraud." Fed. R. Civ. P. 9(b) (emphasis supplied). Federal Rule of Civil Procedure Rule 9(b) requires "specific" allegations of fraud "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged" in order to provide the defendants with an opportunity to "prepare an adequate answer from the allegations." *Herrejon,* 980 F. Supp. 2d at 1203. Plaintiffs "must include statements regarding the time, place, and *nature* of the alleged fraudulent activities," and mere "conclusory allegations" of fraud are insufficient." *Id*.

In a fraud action against a corporation, as is the case here, a plaintiff must "allege names of the persons who made allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Id*. at 1204 (quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991) (*See also Omnipol, A.S. v. Multinational Def. Servs.*,

1    LLC, 32 F.4th 1298 (11th Cir. 2022)).

2    Here, Plaintiff's FAC fails to satisfy any of the Rule 9(b) requirements to

3    pleading fraud with particularity. Plaintiff only alleges that her son was forced to

4    board and fly under fraudulent circumstances. Plaintiff has not alleged that Delta

5    made any misrepresentations, that Delta knew of any falsity of that

6    misrepresentation, that Delta intended to defraud Plaintiff, and that Plaintiff

7    justifiably relied on the misrepresentation. Plaintiff's entire cause of action is

8    premised on Delta's alleged reliance on alleged misleading statements made by Jill

9    Abbott via telephone. (EFC 15, ⁋ 44.) The alleged misrepresentations are attributed

10    to Jill Abbott, not Delta. Delta's reliance on the alleged misrepresentations does not

11    amount to fraud on behalf of Delta.

12    The conclusory allegations in Plaintiff's FAC are not sufficient to survive the

13    heightened pleading standard required for a fraud cause of action. Accordingly,

14    Plaintiff's claim for fraud must be dismissed.

15    **4. Plaintiff's First Cause of Action for Negligence Fails to State a**

16    **Claim for which Relief Can be Granted.**

17    To establish a cause of action for negligence in California, a Plaintiff must

18    establish: (1) duty, (2) breach, (3) causation, and (4) injury. *In re Ambry Genetics*

19    *Data Breach Litig.*, 567 F. Supp. 3d 1130, 1141 (C.D. Cal. 2021). Actual or

20    proximate causation is demonstrated by a showing that the defendant's act or

21    omission was a "substantial factor" in bringing about the injury" *Id*. In Georgia, the

22    same elements must be established. *Stadterman v. Southwood Realty Co.*, 361 Ga.

23    App. 613, 615 (2021).

24    Here, Plaintiff does not state what duty, if any, Delta owed to Plaintiff.

25    Plaintiff does not state how Delta breached the supposed duty either. Plaintiff makes

26    conclusory statements that Delta was negligent, or even grossly negligent, for failing

27    to shelter her child from an invalid protection order.  FAC 15 at ⁋ 43.  However,

28    Plaintiff fails to identify any facts that establish the basis that Delta has a duty to

13

shelter her child from an invalid protection order. Not only does Plaintiff's claim fail under both California and Georgia law, but it also fails under *Twombly/Iqbal*. Plaintiff's cause of action for negligence fails because Plaintiff has not stated a claim for relief that is plausible on its face since the facts pleaded are "merely consistent with defendant's liability." *Ashcroft*, 556 U.S. at 682.

Because Plaintiff is unable to state a claim for negligence pursuant to the pleading requirements, Plaintiff's negligence claim must fail, in addition to being preempted by the Deregulation Act.

### 5. Plaintiff's Second Cause of Action for Tortious Interference Fails to State a Claim for which Relief Can be Granted.

In California, there are two types of causes of action for tortious interference, tortious interference with a contractual relation and tortious interference with a prospective economic advantage. *Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1133 (9th Cir. 2015). The elements for tortious interference with a contractual relation include: (1) a valid contract between Plaintiff and a third-party, (2) defendant's knowledge of the contract, (3) defendant's intentional acts designed to include breach or disruption of the contract,(4) actual breach or disruption, and (5) resulting damages. *Id*. The elements for tortious interference with a prospective economic advantage are the same, but with the addition of a requirement that the defendant's conduct be "wrongful by some legal measure other than the fact of the interference itself." *Id*. (quoting *Kor. Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1131 (2003)).

Under Georgia law, similar requirements are imposed. (*See*, e.g., *Miller v. Lomax*, 266 Ga. App. 93, 101 (2004) (The elements of intentional interference with contract are: (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of a contractual obligation or caused a party or third party to discontinue or fail to enter into an anticipated business relationship with the

plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.)) (See also *Health-IT v. Agrawal*, 343 Ga. App. 660, 670 (2017) (a plaintiff must establish that the defendant: "(1) acted improperly and without privilege; (2) acted purposely and with malice with the intent to injure; (3) induced a third party or parties not to enter into or continue a business relationship with (the plaintiff); and (4) caused (the plaintiff) financial injury.")).

Here, Plaintiff alleges a cause of action for tortious interference, but fails to indicate whether it pertains to a contractual relation or with a competitive advantage. In fact, Plaintiff fails to allege a single fact to support her claim. Plaintiff does not offer any valid contract and does not demonstrate any breach of any contract by Delta. Plaintiff's claim would fail under both California and Georgia law as a result.

Plaintiff may be trying to allege a cause of action for interference with custodial relations, which relates to the abduction or withholding of a child. *Surina v. Lucey*, 168 Cal. App. 3d 539, 542 (Ct. App. 1985). It is true that the "one who is not entitled to custody has no privilege to interfere with the legal custody of the child." *Id.* at 540. Here, Plaintiff suggests that it is Delta who withheld her child from her by allowing T.A. to board the plane. However, Plaintiff does not provide any facts indicating that Delta had the knowledge that Plaintiff did not consent to his departure aside from conclusory statements that Delta knew the protective order was invalid. Delta is not a trier of fact and is not responsible for determining who has custody of T.A. Delta was engaged in its service of boarding passengers, and this act does not amount to interference with custodial relations. Again, this claim is also preempted by the Deregulation Act.

Because Plaintiff is unable to state a claim for breach of contract, Plaintiff's tortious interference claim must fail, in addition to being preempted by the Deregulation Act.

///

///

**6. Plaintiff's Third Cause of Action for Intentional Infliction of Emotional Distress Fails to State a Claim for which Relief Can be Granted.**

"A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.'" *Hughes v. Pair*, 46 Cal.4th 1035, 1050-1051 (2009). "Liability for intentional infliction of emotional distress does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* Georgia imposes similar requirements for a showing of intentional infliction of emotional distress. (*See Smith-Tyler v. Bank of Am., N.A.*, 992 F. Supp. 2d 1277, 1282 (N.D. Ga. 2014) (Under Georgia law, intentional infliction of emotional distress contains the following elements: "(1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe.")). The conduct must go beyond all reasonable bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community. *Id.*

Applying both of these standards to the immediate case, Plaintiff failed to plead sufficient facts to establish intent or reckless disregard to cause emotional distress. Plaintiff alleges that Delta knew or should have known that its acts would cause emotional distress when it forced T.A. to board the flight under fraudulent circumstances with another child's identity and information. However, Delta merely

allowed T.A. to board onto a flight, and these acts do not rise to the level of extreme and outrageous conduct. Plaintiff makes conclusory statements as to Delta's intent, without providing any factual support that Delta intended or recklessly disregarded the probability of causing her emotional distress.

Based on the foregoing, Plaintiff's claim for intentional infliction of emotion distress should be dismissed under both California and Georgia law, in addition to being preempted by the Deregulation Act.

### 7. Plaintiff Should Not be Granted Leave to Amend.

Leave to amend should be given where there is no "undue delay, bad faith or dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962) (emphasis added). Dismissal without leave to amend is proper if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs v. Crest Grp., Inc.,* 499 F.3d 1048, 1056 (9th Cir. 2007); *Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint ... constitutes an exercise in futility"). "Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend." *Lockheed Martin Corp. v. Network Sols., Inc.,* 194 F.3d 980, 986 (9th Cir. 1999). Here, Plaintiff cannot state a cognizable claim against the Defendant. Thus, granting leave to file a second amended complaint would be futile for the reasons outlined above.

///

///

///

///

///

///

///

## V.    <u>CONCLUSION</u>

Based on the foregoing, Defendant Delta Air Line, Inc., respectfully requests that the Court grants its request and dismiss Plaintiff's FAC in its entirety without leave to amend.

Dated:  September 26, 2024                    CLARK HILL LLP


By: _____
Bradford G. Hughes
M. Roy Goldberg
Attorneys for Defendant DELTA AIR LINES, INC.

18

## **DECLARATION OF BRADFORD G. HUGHES**

I, BRADFORD G. HUGHES, declare as follows:

1.      I am an attorney at law licensed to practice before the State of California and before this Court. I am a trial attorney at Clark Hill LLP, attorneys of record for Defendant DELTA AIR LINES, INC., ("Defendant" or "Delta") in this lawsuit.

2.      I have personal knowledge of the matters stated herein, except where stated on information and belief, and if called as a witness, I could and would competently testify thereto.

3.      I make this declaration in support of Defendant's Motion to Dismiss.

4.      Attached as Exhibit A is a true and correct copy of Plaintiff's First Amended Complaint ("FAC") filed on September 5, 2024 in this Court.

5.      I contacted Plaintiff Beatrice Adams ("Plaintiff") on multiple occasions via the phone number provided by Plaintiff in her pleadings.

6.      Despite multiple attempts to communicate with Plaintiff, I have been unable to connect with Plaintiff.

7.      I was unable to leave Plaintiff voice messages following any of the phone calls made to Plaintiff because her voice mail inbox was full.

8.      On September 12, 2024, I sent a letter to Plaintiff Beatrice Adams to the address she listed on her pleadings as a last resort to coordinate a conference prior to the filing of motions to discuss the substance of the contemplated motion and any potential resolution telephonically pursuant to Local Rule 7-3.

9.      Attached as Exhibit B is a true and correct copy of the Meet and Confer Letter sent to Plaintiff on September 12, 2024.

///

///

///

///

///

19

1        10.    To date, Plaintiff has not responded to the September 12, 2024,

2    communication, and I have been unable to meet and confer with Plaintiff.

3        I declare under penalty of perjury under the laws of the United States and the

4    State of California that the foregoing is true and correct.

5        Executed this 26th day of September 2024, at Los Angeles, California.

6

7

8    By: _____

        Bradford G. Hughes

## **CERTIFICATE OF COMPLAINCE**

The undersigned, counsel of record for Defendant DELTA AIR LINES, INC., certifies that this memorandum of points and authorities contains 5632 words, which:

X -  complies with the word limit of L.R. 11-6.1

☐ - complies with the word limit set by court order dated _____.

Date:  September 26, 2024

_____
Bradford G. Hughes, Esq.

1

## **CERTIFICATE OF SERVICE**

2

3

I hereby certify that I electronically filed the foregoing document(s) with the

4

Clerk of the Court for the United States District Court, Central District of California,

by using the Court's CM/FAC system on September 26, 2024

5

6

I certify that all participants in the case are registered CM/FAC users and that

service will be accomplished by the Court's CM/FAC system.

7

8

*/s/ Hiba Hammad*
Hiba Hammad

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF BEATRICE ADAMS' FIRST
AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO.  2:24-CV-3199-PA-PD